[No. 1819, February 21, 1916.]

STATE v. STRICKLAND.

SYLLABUS BY THE COURT.

In charging an offense under section 1584, Code 1915, it is necessary to allege and prove that the defendant maliciously threatened injury to the person or property of another, with intent, etc., and, where an indictment simply charges that defendant threatened another, without alleging that such threat was to injure the person or property of such other, it is insufficient.

Appeal from District Court, Roosevelt County; John T. McClure, Judge.

W. A. Strickland was convicted of unlawfully making threats, and appeals. Reversed, with directions.

T. E. MEARS of Portales, for appellant.

The indictment is insufficient.
Sec. 1584, Code 1915; Territory v. Hubbell, 13 N. M. 579; U. S. v. Cruikshank, 91 U. S. 557; U. S. v. Mills, 7 Pet. 142; U. S. v. Cook, 17 Wall. 174; People v. Schmidt, 94 Cal. 419; Davis v. State, 37 Tex. Cr. R. 47, 66 Am. St. R. 791; People v. Hoffman, 58 Pac. 856; 38 Cyc. 296; Slover v. Territory, 49 Pac. 1009.

HARRY S. BOWMAN, Assistant Attorney General, for the State.

The indictment charges an offense under the statute.
Sec. 1584, Code 1915.

Threats charged amount to threat to do an unlawful injury.
People v. Barondess, 133 N. Y. 649, 31 N. E. 240; People v. Hughes, 137 N. Y. 37, 32 N. E. 1105; People v. Weinseimer, (N. Y.) 117, App. Div. 603, 102 N. Y. S. 579 (affirmed by Court of Appeals, 190 N. Y. 537, 83 N. E. 1129); Commonwealth v. Wilson, 30 Pa. Super Ct. 26.

## OPINION OF THE COURT.

ROBERTS, C. J.—This is an appeal from the judgment of the district court of Roosevelt county, sentencing appellant to serve a term in the state penitentiary for a violation of the provisions of section 1584, Code 1915, which reads as follows:

"If any person, either verbally or by any written or printed communication, shall maliciously threaten any injury to the person or property of another, with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do any act against his will, he shall be punished by imprisonment for not more than one year, nor less than six months, or by fine not exceeding one thousand dollars, nor less than one hundred dollars."

The indictment upon which the trial was had charged
that defendant, at, etc., upon the date named, "unlawfully,
maliciously and feloniously did threaten one Thomas H.
Brooks in a certain conversation," etc.    Appellant de-
murred to the indictment on the ground that it failed to
charge a threat by him to injure the person or property
of another.   The demurrer was overruled by the trial
court, and this ruling is assigned as the principal ground
upon which a reversal is asked.

The demurrer should have been sustained; for, under
the statute, this allegation is essential.  The crime consists
in threatening any injury to the person or property of
another, with intent to extort money or any pecuniary ad-
vantage whatever, etc.   Not every threat for such purpose
is punishable, but only such as are directed toward the
person or property of another; hence it is necessary to
bring the offense within the terms of the statute by proper
allegations.   The language used by appellant which is set
out in the indictment, unexplained by the acts and con-
duct of the appellant, was not sufficient to bring the of-
fense within the statute.   The indictment uses language
which charges that appellant, at the time he uttered the
threats, had the purpose or intent to do injury to the per-
son of Thomas H. Brooks, etc., but clearly the undis-
closed purpose or intent of the defendant forms no part
of the statutory offense.

The cause will be reversed, with directions to the trial
court to sustain the demurrer to the indictment; and it
is so ordered.

HANNA and PARKER, J.J., concur.